UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re:<br>Martha A. Akers,<br>    Debtor, | : | Adversary Proceeding No. 10-10006 |
| MARTHA A. AKERS,<br>    Appellant, | : | |
| v. | : | Civil Action No. 10-1300 (JEB) |
| WINDWARD CAPITAL CORPORATION, *et al.*,<br>    Appellees. | : | |

**MEMORANDUM OPINION**

*Pro se* Appellant Martha A. Akers, who has been involved in lengthy bankruptcy proceedings, appeals an order of the Bankruptcy Court denying her motion for a preliminary injunction to halt the foreclosure of a commercial property she owned. As she offered no basis for the Bankruptcy Court to believe she would succeed on the merits of her underlying claim, it correctly denied her Motion. This Court will thus affirm that decision.

**I.     Background**

As best the Court can discern from Appellant's rather opaque pleading, she owned a commercial building located at 1368 H St. in Northeast Washington. See Appellant Br. at 4. "On July 26, 2000, [she] executed a promissory note in the loan amount of $63,750.00 with the lender," Appellee Windward Capital Corporation, and executed a Deed of Trust to secure the

1

loan.  Id.  According to Windward and Appellee Mooring Financial Corporation, the loan servicer, when Appellant initiated Chapter 13 Bankruptcy proceedings on December 5, 2007, she was in default under the terms of the promissory note.  See Appellees Br. at 5-6.

On January 14, 2008, as part of her amended plan of reorganization, Akers "agreed to make direct payments to the Lender according [to] the terms of the loan in the monthly installment amount of $468.00."  Id. at 6.  Appellant thereafter defaulted and has not made a payment since December 2008.  Id.  As a result, Windward filed its Motion for Relief from Stay in January 2010 with the Bankruptcy Court, seeking to foreclose on the property.  See 07-br-662, ECF No. 232 (Motion Seeking Relief from Automatic Stay).  Appellant in response filed a Complaint for Breach of Contract against Appellees.  See 10-ap-10006, ECF No. 1 (Amended Complaint for Breach of Contract).  After a hearing on February 25, 2010, the Bankruptcy Court granted Appellees' Motion and terminated the stay.  See 07-br-662, ECF No. 253 (Order Terminating Automatic Stay).  Appellant thereafter thrice filed motions in the Bankruptcy Court for injunctive relief to prevent the foreclosure, and each motion was denied.  See 10-ap-10006, ECF Nos. 27 (Order of May 4, 2010, denying Motion for Preliminary Injunction), 45 (Memorandum Decision and Order of June 29, 2010, denying Amended Motion for Preliminary Injunction), 62 (Memorandum Decision and Order of July 25, 2010, denying Emergency Motion for Preliminary Injunction).  The Bankruptcy Court's ruling on the second of these Motions is the subject of this interlocutory appeal.  See 10-ap-10006, ECF No. 47 (Notice of Appeal filed right after denial of second motion on June 29, 2010).

The Court will thus discuss in more detail the content of Appellant's second Motion for Preliminary Injunction.  Filed on May 26, 2010, this Motion sought to enjoin Windward's right to foreclose on the property.  In the sole paragraph arguing her likelihood of success on the

merits, Appellant stated, "The Defendant violated provisions of the Deed of Trust and Section 6 of RESPA (12 U.S.D. 2605) constituting an impairment of an obligation of contract prohibited by Article 1, Section 10, Clause 1 of the United States Constitution. . . . This violates the separation of powers principle inherent in the constitutional frame work [*sic*]." See 10-ap-10006, ECF No. 35 (Motion for Preliminary Injunction) at 2. In denying the Motion, Judge Martin Teel of the Bankruptcy Court noted first that Appellant had failed to support her Motion with affidavits as required by LCvR 65.1. See id., ECF No. 45 (Memorandum Decision and Order of June 29, 2010, denying Amended Motion for Preliminary Injunction) at 2. "In any event," continued the Opinion, "the motion . . . sets forth no basis for concluding that Akers has a likelihood of succeeding on the merits. The motion only sets forth insufficient conclusory assertions of wrong unsupported by any specific recitation of facts establishing a wrong." Id. at 3. The Court also found no showing of irreparable harm. Id. at 3-4.

Appellant immediately filed a Notice of Appeal in this case on June 29. See 10-ap-10006, ECF No. 47 (Notice of Appeal). Meanwhile, the foreclosure occurred on June 30, 2010. See Appellees' Br. at 7. The case was initially assigned to Judge Ricardo Urbina, who retired before ruling on the appeal. The case was then transferred to this Court in April 2012. The Court apologizes to the parties for the delay in rendering a decision. Although the matter has shuttled between judges, there is no justifiable reason for the length of the delay here.

**II.     Standard of Review**

"In reviewing a preliminary injunction, we 'exercise plenary review over the [bankruptcy court's] conclusions of law and its application of law to the facts, but review its findings of fact for clear error.'" Bartok v. DeAngelis, 2012 WL 664928, at *4 (D.N.J. Feb. 29, 2012) (citing In re Vertientes, Ltd., 845 F.2d 57, 59 (3d Cir. 1988) (alteration in original)). "We review the

[bankruptcy] court's ultimate decision to issue an injunction for abuse of discretion." Id. (citation omitted; alteration in original); see also In re SK Foods, L.P., 2010 WL 5136187, at *4 (E.D. Cal. 2010) ("district court[s] review a bankruptcy court's decision to grant or . . . deny the preliminary injunction and the scope of injunctive relief for an abuse of discretion") (citing Southwest Voter Registration Educ. Project v. Shelley, 344 F.3d 914, 918 (9th Cir. 2003)).

**III.    Analysis**

Appellant argues on appeal that the Bankruptcy Court erred in denying her Motion for Preliminary Injunction. In responding to her appeal, Appellees first interpose procedural objections, arguing that Appellant's brief was untimely filed here and that she may not appeal from an interlocutory order. They then move to the merits, contending that the Bankruptcy Court correctly determined that Appellant "failed to demonstrate the likelihood of prevailing on the merits and irreparable harm." Appellees' Br. at 6. The Court will first discuss the two procedural issues and then proceed to the gravamen of the case.

A.    Timeliness

"When the record is complete for purposes of appeal, the clerk [of the bankruptcy court] shall transmit a copy . . . forthwith to the clerk of the district court," Fed. R. Bankr. P. 8007(b), who, "[o]n receipt of the transmission[,] . . . shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed." Id. The appellant "shall serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007." Fed. R. Bankr. P. 8009(a)(1). The district court "may, upon motion of the appellee[s] . . . or upon its own order, dismiss the appeal for failure to comply with Bankruptcy Rule 8009." Local Bankr. R. 8009-1.

Appellant here filed her Notice of Appeal on July 30, 2010, which the Clerk of Court entered on August 3, 2010, along with the bankruptcy record. Notwithstanding her obligation to "serve and file a brief within 14 days after entry of the appeal on the docket," Fed. R. Bankr. P. 8009(a)(1), Appellant filed her brief on August 31, fourteen days late. Appellant claims that "[e]vidence exists in the record that the pleadings was timely filed or a extension was requested in lieu of [*sic*]" strict compliance with the 14-day deadline. Resp. to Appellees' Br. at 1. She does not describe or identify this evidence, and she offers absolutely no support for her assertion. Indeed, nothing in the record establishes that "the district court . . . by local rule or by order excuse[d] the filing of briefs or specifie[d] different time limits." Fed. R. Bankr. P. 8009(a). Her failure to file her brief timely, consequently, renders this appeal subject to dismissal. See, e.g., In re AOV Indus., Inc., 798 F.2d 491, 494 (D.C. Cir. 1986) (affirming dismissal due to appellant's failure to file brief timely or response to another party's request for dismissal).

Although "[b]oth Bankruptcy Rule 8001 and Local Rule 8009-1 authorize district courts in this jurisdiction to dismiss bankruptcy appeals when appellants fail to file briefs on time," English-Speaking Union v. Johnson, 353 F.3d 1013, 1020-21 (D.C. Cir. 2004) (citations omitted), summary dismissal on procedural grounds is disfavored in this Circuit. Id. at 1022. Ordinarily the district court should "consider[ ] the circumstances before [it] and explain[ ] why it is in the interest of justice to dismiss rather than to proceed to the merits." Id. (noting that a court, as a first measure, usually issues an order to show cause when a party fails to timely file a brief); see also Canady v. Erbe Elektromedizin GmbH, 307 F. Supp. 2d 2, 9 (D.D.C. 2004) (noting D.C. Circuit's "preference for an adjudication on the merits and a corresponding disfavor for resolving litigation by default").

This is not a situation where, for example, Appellant repeatedly has disobeyed the Court's orders to file a brief.  See Coleman v. Countrywide Home Loans, Inc., 429 B.R. 387, 392-93 (D.D.C. 2010) (dismissing appeal for appellant's failure to file his brief within time period set forth in Fed. R. Bankr. P. 8009 and, ten months later, his failure to file a response to court order directing him to either file a brief or face dismissal).  Given the lack of any indication of flagrant or repeated failures to comply with this Court's orders or procedural rules, the Court will not dismiss the appeal as untimely.

### B. Interlocutory Appeal

Appellees next argue that the Bankruptcy Court's Order is not appealable.  A district court may "hear appeals . . . from final judgments, orders, and decrees" of a bankruptcy judge and may hear, "with leave of the court, [appeals] from . . . interlocutory orders and decrees." 28 U.S.C. § 158(a).  "In a bankruptcy case, if a particular adversary proceeding has been finally resolved, the outcome constitutes an appealable final decision," Turshen v. Chapman, 823 F.2d 836, 839 (4th Cir. 1987) (internal quotation marks and citations omitted), and "[f]inality in the sense of 28 U.S.C. § 1291 is not required . . . for purposes of appeal . . . [of] bankruptcy court rulings." Id. at 839-40 (citation omitted); cf. Saravia v. 1736 18th Street, N.W., Ltd. P'ship, 844 F.2d 823, 826 n.1 (D.C. Cir. 1988) (*per curiam*) (acknowledging authority for but declining to resolve argument "that interlocutory orders may be appealed under [28 U.S.C.] § 158(d) if the nature of the ruling and the factual circumstances suggest that, for purposes of the particular matter resolved in the order, it is in substance final").

"[B]ankruptcy court orders and judgments regarding claims whose resolution is separable from all other matters in dispute in the overall proceeding need not await an adjudication of the entire action before they may be appealed." In re Premier Operations, 290

B.R. 33, 40-41 (S.D.N.Y. 2003). As Appellant's challenge is an effort to reverse the Bankruptcy Court's last word on foreclosure – that is, to avoid the foreclosure made possible upon the issuance of its order lifting the automatic stay – the ruling is final for purposes of pursuing an appeal to this Court. See In re Computer Learning Ctrs., Inc., 407 F.3d 656, 660 (4th Cir. 2005) ("orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case") (citation omitted). The Court thus declines to dismiss this appeal on the ground that it is interlocutory.

### C. Merits

Simply because Appellant may have the right to appeal the denial of her Motion for Preliminary Injunction does not mean that she necessarily prevails. A preliminary injunction "is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 376 (2008). "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Id. at 367-68. This same standard is applied by bankruptcy courts. See, e.g., In re Woodside Group, LLC, 427 B.R. 817, 835-36 (Bankr. C.D. Cal. 2010); In re National Century Financial Enterprises, Inc., 407 B.R. 895, 900 (Bankr. S.D. Ohio 2009).

Before the Supreme Court's decision in Winter, courts weighed the preliminary injunction factors on a sliding scale, allowing a weak showing on one factor to be overcome by a strong showing on another. See Davenport v. Int'l Bhd. of Teamsters, 166 F.3d 356, 360-61 (D.C. Cir. 1999). This Circuit, however, has suggested, without deciding, that Winter should be

read to abandon the sliding-scale analysis in favor of a "more demanding burden" requiring Plaintiffs to independently demonstrate both a likelihood of success on the merits and irreparable harm.  Sherley v. Sebelius, 644 F.3d 388, 392 (D.C. Cir. 2011); see also Davis v. Pension Benefit Guar. Corp., 571 F.3d 1288, 1292 (D.C. Cir. 2009).

Whichever way Winter is read, it is clear that a failure to show a likelihood of success on the merits is alone sufficient to defeat a preliminary injunction motion.  In Arkansas Dairy Co-op Ass'n, Inc. v. U.S. Dept. of Agr., 573 F.3d 815 (D.C. Cir. 2009), a case that postdates Winter, the court decided that it "need not proceed to review the other three preliminary injunction factors" because the plaintiff had "shown no likelihood of success on the merits."  Id. at 832; see also Apotex, Inc. v. FDA, 449 F.3d 1249, 1253 (D.C. Cir. 2006) (pre-Winter case holding no need to address other preliminary injunction factors where plaintiff had little likelihood of succeeding on merits);  Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 304 (D.C. Cir. 2006) ("[A] preliminary injunction will not issue" upon showing of irreparable harm unless plaintiffs also satisfy other three preliminary injunction factors; "Unsupported or undeveloped allegations of government establishment, for example, while sufficient to make out irreparable injury, will not withstand scrutiny concerning the movant's likelihood of success on the merits, thereby defeating a request for a preliminary injunction.").  It follows that, upon finding that a plaintiff has failed to show a likelihood of success on the merits, the Court may deny a motion for preliminary injunction without analyzing the remaining factors.

In contending in the Bankruptcy Court that she would likely succeed on the merits, the only support Appellant mustered was the following: "The Defendant violated provisions of the Deed of Trust and Section 6 of RESPA (12 U.S.D. 2605) constituting an impairment of an obligation of contract prohibited by Article 1, Section 10, Clause 1 of the United States

Constitution. . . . This violates the separation of powers principle inherent in the constitutional frame work [*sic*]." 10-ap-10006, ECF No. 35 (Motion for Preliminary Injunction) at 2. Such an argument is woefully inadequate.

"RESPA" refers to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*. Section 2605, which Appellant cites, requires, *inter alia*, that lenders disclose at the time of the loan whether the servicing of the loan may be assigned to another. How this statute entitles Appellant to prevail on her underlying claim is not apparent and never discussed. Nor is there any explanation of how the constitutional provision prohibiting states from passing laws "impairing the [o]bligation of [c]ontracts," see U.S. Const., art. I, § 10, has any relevance at all here. The separation-of-powers argument is similarly baffling. The Bankruptcy Court was thus entirely correct when it held that "the motion . . . sets forth no basis for concluding that Akers has a likelihood of succeeding on the merits. The motion only sets forth insufficient conclusory assertions of wrong unsupported by any specific recitation of facts establishing a wrong." See 10-ap-10006, ECF No. 45 (Memorandum Decision and Order of June 29, 2010, denying Amended Motion for Preliminary Injunction) at 3.

### IV.     Conclusion

The Court, accordingly, will issue an Order that affirms the decision of the Bankruptcy Court and dismisses this case.

                              JAMES E. BOASBERG
                              United States District Judge

November 7, 2012